IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHELLE BRAWLEY, § | |
|    PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:21-CV-0076-S-BK |
| § | |
| FIESTA MART, LLC, AND § | |
| SULEMA HERNANDEZ, § | |
|    DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Doc. 1. The Court now considers Plaintiff's *Default Request, Affidavit, Entry, and Judgment (Sum Certain) Request and Affidavit*. Doc. 20. Upon review, the motion should be **DENIED**.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed suit against Defendants for employment discrimination. Doc. 3 at 1. Proceeding *in forma pauperis*, Doc. 11, Plaintiff relied on the Clerk of the Court and the United States Marshal to issue and execute summons on Defendant Fiesta Mart, LLC ("Fiesta Mart"). Doc. 14, Doc. 15, Doc. 16. The summons was returned unexecuted, however. Doc. 18. Plaintiff's motion followed, asking for an entry of default because Fiesta Mart failed to appear. Doc. 20 at 1-2.

## II. APPLICABLE LAW

A party who fails to plead or defend a suit as required by federal rules is subject to a default. *See* FED. R. CIV. P. 55. Relevant here, a defendant must answer a suit within 21 days

after being served with a summons and complaint. FED. R. CIV. P. 12(a). Unless service is waived, proof of service must be made to the court. *See* FED. R. CIV. P. 4(l)(1). If proof of service is made and 21 days elapses without an answer, the clerk *must* enter a default against that party. *See* FED. R. CIV. P. 55(a).

### III. ANALYSIS

Plaintiff requests the entry of default and a default judgment against Fiesta Mart for failure to answer or appear. Doc. 20 at 1. The facts support neither. Though summons was issued to Fiesta Mart, Doc. 15, the United States Marshal returned it as unexecuted. Doc. 18. No evidence of proper service has been filed. Because Fiesta Mart has not been served, it is under no obligation to respond and, thus, is not in default. *See Sun Bank of Ocala*, 874 F.2d at 276 (default judgments are a drastic remedy granted only "when the adversary process has been halted because of an essentially unresponsive party") (quoted case omitted).

### IV. CONCLUSION

Plaintiff's *Default Request, Affidavit, Entry, and Judgment (Sum Certain) Request and Affidavit*, Doc. 20, should be **DENIED**.

**SO RECOMMENDED** on June 14, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND NOTICE OF
## RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).