IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE BRAWLEY, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:21-CV-76-S-BK |
| | § | |
| FIESTA MART, LLC, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. The Court now considers Defendant's *Motion to Dismiss for Defective Service*. Doc. 28. Upon review, Defendant's motion should be **GRANTED**.

**I.  BACKGROUND**

On January 12, 2021, plaintiff Michelle Brawley ("Brawley"), filed a *pro se* complaint against Fiesta Mart, LLC, ("Fiesta") and Sulema Hernandez for employment discrimination under the Americans with Disabilities Act. Doc. 3 at 3-5. Since filing, this case has presented a plethora of procedural hurdles, including procedural and pleading deficiency issues, Doc. 4, Doc. 5, Doc. 9, and Plaintiff's unsupported motions for default judgment, Doc. 8, Doc. 20.

As relevant to the motion *sub judice*, because Plaintiff is proceeding *in forma pauperis*, Doc. 11, after judicial screening and the Court's *sua sponte* dismissal of the claims against Hernandez, Doc. 13, the Court ordered the issuance of summons to Fiesta and service of the same by the United States Marshal Service, Doc. 14, Doc. 15, Doc. 16. That summons was returned unexecuted. Doc. 18. Subsequently, Plaintiff's motion for entry of default, Doc. 20 at

1-2, was denied because Fiesta had not yet been served. Doc. 22; Doc. 25. At the Court's direction, however, the Clerk reissued summons to Fiesta at the address provided by Plaintiff, which the Marshal Service executed on June 29, 2021, by serving Brandon Smith, a manager at the address provided by Plaintiff—the Fiesta store where Plaintiff worked.[1] Doc. 23; Doc. 27.

## II.  APPLICABLE LAW

Rule 4 of the Federal Rules of Civil Procedure establishes the permissible methods for serving a corporation. FED. R. CIV. P. 4(h). For service in a United States judicial district, a corporation may be served by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1)(A)–(B) (citing FED. R. CIV. P. 4(e)(1)).

As to the second method outlined in the federal rule, Texas law provides that a corporation may be served through its agents, which includes (1) its president; (2) its vice presidents; and (3) each manager and member of a manager-managed limited liability company. TEX. BUS. ORGS. CODE § 5.255. If a corporation fails to appoint or maintain a registered agent or the registered agent cannot reasonably be found at the registered office, then the corporation may be served through the Texas Secretary of State. *Id.* at § 5.251. Under this method, the person

---

[1] Plaintiff submits for the first time in her *Opposition to Defendant's Motion to Dismiss* that she served "Store Manager Amy" on September 4, 2021. Doc. 30 at 2. Apart from this statement, there is no evidence "Store Manager Amy" was served. Even if Amy *was* served, such service would not be proper for the same reason outlined below.

2

served must be authorized to accept service of process on the corporation's behalf. *Lisson*, 262 Fed. App'x at 569 (per curiam) (citation omitted); *Arellano v. ADA Logistics, Corp.*, No. 3:20-CV-00795-N, 2021 WL 3631140, at *1 (N.D. Tex. June 17, 2021) (Godbey, J.).

### III. ANALYSIS

#### A. Untimely Service

Fiesta argues first that Plaintiff's claim should be dismissed because she did not effectuate service within the time set by statute.[2] Doc. 29 at 3-4. However, "a plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshals." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *see* FED. R. CIV. P. 4(c)(3) (requiring service be made by a U.S. Marshal for plaintiffs proceeding *in forma pauperis*); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties" when the Plaintiff has been permitted to proceed *in forma pauperis*.). Moreover, in this case, the Court ordered that there would be no service of process pending the completion of judicial screening. Doc. 11; Doc. 12. And as outlined above, the Court twice directed the issuance of summons and service on Plaintiff's behalf after that screening process concluded. Thus, the Court, and not Plaintiff, is responsible for the timing of service of process. Therefore, dismissal on that basis is not warranted.

#### B. Improper Service

---

[2] A plaintiff is responsible for obtaining summonses and effecting service of process on all defendants. FED. R. CIV. P. 4(c). If a plaintiff does not serve all defendants within 90 days of filing her complaint, the court *must*—after notice to the plaintiff—either dismiss her action without prejudice or order that service be made within a specified time. FED. R. CIV. P. 4(m).

3

Fiesta also argues Plaintiff's claim should be dismissed because she failed to serve its authorized agent. Doc. 29 at 5-6. The Court concurs. "At a minimum, a plaintiff should request service upon the appropriate defendant." *Rochon*, 828 F.2d at 1110.

A Fiesta store manager does not qualify as a managing agent for the purpose of service under the first method outlined in FED. R. CIV. P. 4(h). *See Williams v. CVS*, No. 1:10-CV-156, 2010 WL 11632868, at *2 (E.D. Tex. Sept. 15, 2010) (Crone, J.) (providing a store manager is not a managing agent or otherwise authorized to accept service); *see also Maschinenfabrik Reinhausen GmbH v. Shanghai Huaming Power Equip. Co.*, No. 3:06-CV-0897-L, 2007 WL 9711692, at *2 (N.D. Tex. Mar. 31, 2007) (Lindsay, J.) (finding that, although a company's process server said he was "in charge," he was not a managing agent or designated agent). Instead, the Plaintiff must demonstrate that the individual sought to be served "*actually authorized* another to accept service of process on the would-be principal's behalf." *Lisson v. ING GROEP N.V.*, 262 Fed. App'x 567, 569 (5th Cir. 2007) (citation omitted) (emphasis added).

Here, Plaintiff does not argue Smith is Fiesta's officer, managing or general agent, or is otherwise authorized to accept service of process on Fiesta's behalf. That Smith is a store manager for Fiesta is immaterial absent some evidence indicating he was authorized by Fiesta to accept service. Further, under Texas state law, Plaintiff can serve Fiesta's president, vice presidents, or registered agent, but Plaintiff does not allege Smith holds either of these positions. TEX. BUS. ORGS. CODE §§ 5.251, 5.255. Indeed, Fiesta affirmatively asserts that Smith was not authorized to accept service of process on its behalf.

Although the Court directed service, Plaintiff is nevertheless responsible for providing the correct information for service. Because Plaintiff failed to properly serve Fiesta, her complaint is subject to dismissal.

## IV.  CONCLUSION

For the foregoing reasons, Fiesta's *Motion to Dismiss for Defective Service*, Doc. 28, should be **GRANTED** and Plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE** to Plaintiff providing the correct information for service of process on Fiesta.  *See Shabazz v. Serv. Emps. Int'l Union*, No. 3:04-CV-229-M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (Lynn, J.) (holding that it is within the Court's discretion to allow a "plaintiff another opportunity to properly effect service of process" and that a plaintiff's *pro se* status is germane to the exercise of that discretion) (citation omitted).

Accordingly, Plaintiff may file a supplemental complaint by November 29, 2021, providing the correct information for service of process on Fiesta.  If Plaintiff fails to do so, this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on November 15, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF
RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party that objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B).  An objection must identify the finding or recommendation to which it is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

5